**INDEPENDENCE INDEMNITY CO. v. BARBER et al.**

Circuit Court of Appeals, Fifth Circuit.
February 20, 1929.

Rehearing Denied March 25, 1929.

No. 5440.

E. Ormonde Hunter, of Savannah, Ga., for appellant.

Hoyt H. Whelchel, of Moultrie, Ga., for appellee Mrs. Barber.

Orville A. Park, of Macon, Ga. (Carl N. Davie, of Atlanta, Ga., on the brief), for appellee Mobley.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. The Citizens' Bank of Moultrie, Ga., became insolvent and was taken over by A. B. Mobley, superintendent of banks, for liquidation. Conflicting claims to participate in the distribution of assets were filed by appellant and by Mrs. Florence P. Barber, as guardian of Lucy and Florence Barber. Mobley filed a proceeding in the nature of a bill of interpleader, under the statutes of Georgia, in a state court to have the conflicting claims adjusted judicially. That proceeding was removed to the District Court. The facts are stipulated and may be briefly stated.

On December 17, 1925, appellant executed a surety bond for $50,000 guaranteeing the repayment of existing and future deposits of Mrs. Florence P. Barber as guardian of Lucy and Florence Barber, in the Citizens' Bank of Moultrie, Ga., from December 19, 1925, to December 19, 1926. The bank admitted liability to Mrs. Barber as a depositor in the sum of $88,389.14 at the time of failure. This included an item of a savings account of $8,347.94 standing in the name of W. H. Barber and an item of $23,152.50 evidenced by a certificate of deposit issued to the estate of W. H. Barber, on December 31, 1925. On August 3, 1926, the court of ordinary of Colquitt county, Ga., rendered a judgment dividing certain property of the estate of W. H. Barber in kind, and in doing so set off the above-mentioned items to Lucy and Florence Barber, share and share alike. Mrs. Barber was administratrix and Leo T. Barber administrator of the estate of W. H. Barber, and on October 7, 1926, indorsed on the certificate of deposit a transfer of it to the minors through their said guardian. The bank was not officially notified of this, but had actual knowledge of the change of ownership through its president and cashier, who had acted as appraisers in the succession proceedings and had recommended the disposal made by the court. Mrs. Barber and her coadministrator notified the bank by let-

ter on November 16, 1926, of the judgment of the court of ordinary and requested that the savings account be transferred to her as guardian. However, no change was made on the books of the bank as to either account. Appellant paid the claim of Mrs. Barber to the full amount of $50,000, with interest, and received from her a release.

Appellant claimed subrogation by payment, denied that the two above-mentioned items were covered by the bond, admitted that Mrs. Barber was entitled to receive $6,888.70 in dividends before it could participate by subrogation, but contended that after that it was entitled to participate equally with other creditors in the distribution of the assets. On the other hand, Mrs. Barber contended that she was entitled to prove up her entire claim of $88,389.14 and receive dividends thereon until they amounted to $38,389.14. This contention found favor with the District Court, and judgment was entered accordingly.

We entertain no doubt that the special deposit and the savings account became deposits of Mrs. Barber as guardian and were covered by the bond. The title to both vested by the judgment of the court of ordinary. As to the certificate of deposit the change in the account was effected by the indorsement on the certificate of which the bank had notice. It could not thereafter successfully deny that Mrs. Barber was a depositor to the extent of the certificate. See Lamar v. Taylor, 141 Ga. 227, 238, 80 S. E. 1085. The transfer of the savings account was also effected by the notice given to the bank, and Mrs. Barber could not be prejudiced by any failure to change the designation on the books. It is not disputed that the bond was written to guarantee Mrs. Barber against any loss resulting from her relations with the bank as depositor. That relation existed in respect of the two disputed items at the time of failure, and it is immaterial how they were carried on the books of the bank.

With regard to whether appellant is entitled to participate with Mrs. Barber in receiving dividends from the defunct bank, there are cases both ways, but it would be useless to discuss them. We think the question is settled by the controlling decision in Jenkins v. National Surety Co., 277 U. S. 258, 48 S. Ct. 445, 72 L. Ed. 874, which holds that a surety cannot claim subrogation and compete with the secured creditor in the distribution of the assets of an insolvent debtor until the latter is paid in full.

On the authority of that decision, the judgment appealed from is affirmed.